# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-18-00357-CV
---

**K. B., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

---
### FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT NO. C2017-0628C, HONORABLE MELISSA McCLENAHAN, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

K.B. appeals from the trial court's order terminating her parental rights to her minor child, G.S. *See* Tex. Fam. Code § 161.001.[1] At trial, K.B. submitted an affidavit of voluntary relinquishment of parental rights. At the conclusion of the trial, the court found that K.B.'s rights should be terminated under Subsection (K) and that termination was in the child's best interest. *See id.* § 161.001(b)(1)(K), (2).

On appeal, K.B.'s court-appointed attorney filed an *Anders* brief informing this Court that he made a diligent review of the appellate record and can find no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why

---

[1] The trial court also terminated the parental rights of the child's father, J.S., who is not a party to this appeal. In addition, the court terminated K.B.'s and J.S.'s rights to another child, P.S., but the court severed the cases, and this appeal pertains only to G.S.

there are no arguable grounds to be advanced. *See Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). Counsel has indicated that he has provided his client with a copy of the brief and has informed her of her right to file a pro se brief; has advised his client of her right to review the appellate record; and has explained to his client the process for obtaining the appellate record. *See id.* at 646–47 & n.4; *see also Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014). Appellant has not filed a pro se brief.

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including the *Anders* brief submitted on K.B.'s behalf, and we have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating K.B.'s parental rights.[2]

_____
Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Toth

Affirmed

Filed: November 16, 2018

---

[2] In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, counsel's obligations to appellant have not yet been discharged. *See id.* If appellant, after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28.